# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN STEPHEN ROUTT,           )
                              )
     *Plaintiff*,         )
                              )
v.                            )   Case No. CIV-18-127-D
                              )
ANDY HOWRY et al.,            )
                              )
     *Defendants*.       )

# ORDER

Plaintiff John Routt, a state prisoner appearing *pro se* and in *forma pauperis*, initiated this 42 U.S.C § 1983 action claiming Defendants Andy Howry and Brian Thornbough violated his Eighth and Fourteenth Amendment rights by incarcerating him beyond the expiration of his sentence. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings, in accordance with 28 U.S.C. § 636 (b)(1)(B),(C).

On September 12, 2019, the magistrate judge issued a Report and Recommendation wherein she recommended dismissal of Plaintiff's official-capacity claims [R&R, Doc. No. 58 at 12], and further, that Defendants' alternative motion [Doc No. 55] be denied to the extent it seeks dismissal of Plaintiff's punitive-damages claims. R&R at 12.

Defendants timely filed an objection on October 3, 2019 [Doc. No. 59]. Specifically, Defendants challenge the magistrate judge's conclusions as to whether (1) further discovery on administrative exhaustion is warranted; and, (2) Defendants are

entitled to qualified immunity on Plaintiff's § 1983 individual-capacity claims. Objection, [Doc. No. 59] at 12. Plaintiff responded to these objections [Doc. No. 60].

**STANDARD OF DECISION**

Pursuant to Fed. R. Civ. P. 72, where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition" to which a proper objection has been raised. Fed. R. Civ. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

Therefore, pursuant to Defendants' objections, the Court, will herein conduct a *de novo* review.

**DISCUSSION**

**I.      The issue of administrative exhaustion remains unresolved.**

In her report and recommendation, Judge Mitchell noted that Defendants did not object to or otherwise challenge Plaintiff's request to "deny" or "defer considering" Defendants' alternative request for summary judgment. R&R at 58. As such, the R&R concluded, and this Court agrees, that Defendants have waived their right to do so.[1] As was proper, Judge Mitchell therefore went on to analyze Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 55 at 18]. In doing so, Judge Mitchell correctly declines

---

[1] Defendants also do not address this point in their objection [Doc. No. 59]. Further, Rule 12(d) gives the Court discretion in excluding matters presented outside of the pleadings. Fed. R. Civ. P. 12(d) ("If, on a motion under 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

to rely on materials outside of the pleadings, [R&R at 11–12], and this Court on *de novo* review will do the same.

The Tenth Circuit has recognized that "[g]enerally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (quoting *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir.2010) ("The district court's disposition of the complaint was irregular. Although it characterized its action as a dismissal for failure to state a claim, the court did not restrict itself to looking at the complaint.")). *Gee* identified three limited exceptions to the general rule restricting a court's consideration to the pleadings alone when deciding the merits of a motion to dismiss: "(1) documents the complaint incorporates by reference or attached as exhibits to the complaint, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim, and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice." *Carrigan v. Goree*, No. CIV-13-842-D, 2015 WL 3948853, at *5 (W.D. Okla. June 26, 2015) (DeGiusti, J.).

The Court, addressing a 12(b)(6) motion in *Carrigan v. Goree*, agreed to consider grievance documents attached to a Special Report, to resolve whether the prerequisite of administrative exhaustion to a § 1983 suit had been met. *Id.* There were several factors militating toward allowing Defendant to rely on exhaustion-related materials. *Id.* The materials, as they are here, were relevant to determining whether Plaintiff has exhausted his administrative remedies—a prerequisite for suing in a federal court. *Id.* But unlike this case, the additional materials offered "a complete view of Plaintiff's attempt to exhaust

3

administrative remedies," and the plaintiff in *Carrigan* had not responded to the defendant's motion to dismiss, which was thereby deemed admitted. *Id*.

In this case, Plaintiff has specifically responded with a request to engage in discovery focused "on his challenged administrative-exhaustion efforts as well as his interactions with prison officials." R&R at 13. The Court cannot say, at this stage of the proceedings, that the single affidavit referenced by Defendants offers a complete view of Plaintiff's attempts at exhaustion. This is particularly so considering Plaintiff's specific request to engage in further discovery, and Plaintiff's contentions that his exhaustion efforts were obstructed. R&R at 5–6.[2] *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy," exhaustion is not required).

Defendants' objections to the R&R, asserting further discovery on administrative exhaustion would be futile, are overruled.

**II. Defendants are entitled to qualified immunity, as Plaintiff does not allege the violation of a clearly established constitutional right.**

Next, Defendants object to the magistrate's conclusions as to whether they are entitled to qualified immunity [Doc. No. 12].

"Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have

---

[2] The Court will construe *pro se* Plaintiff's pleadings liberally. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

4

known.'" *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1166 (10th Cir. 2009) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1204 (10th Cir. 2007)).

Where, as in this case, qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta v. Wagner* 523 F.3d 1278, 1281 (10th Cir. 2008). Thus, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir.1995). The Court must accept as true all "well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Archuleta*, 523 F.3d at 1283; *accord Burgess v. City of Okla.,* No. CIV-07-269-D, 2009 WL 2922942, at *5 (W.D. Okla. Sept. 8, 2009).

The qualified immunity analysis requires the Court to determine both (1) whether the complaint alleges conduct that amounts to a constitutional violation; and, (2) whether the right violated was clearly established at the time of the conduct at issue. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court may address each of the two prongs of the analysis in any order. *Burgess*, 2009 WL 2922942, at *5–6 (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

Defendants argue that the conduct alleged does not amount to a constitutional violation. They contend that they had no constitutional obligation to "undertake an investigation that includes searching court records, reviewing court transcripts, and questioning judges and criminal defense attorneys regarding the terms of the plea

agreement, when a prisoner claims [his sentence is being incorrectly administered]." Objection at 4.

Plaintiff's Amended Complaint [Doc. No. 52] alleges that he noticed on his time sheet that he was not being credited for time served. He then alerted Defendant Howry, and Howry refused to correct the error. Amended Complaint at 5. Defendant Howry refused to do so because the credit for time served Plaintiff claimed was not reflected in the pertinent judgment and sentence. *Id.* at 9. Plaintiff alleges to have then engaged the grievance process but does not allege he produced proper documentation or credible evidence in support of his assertions. *Id*. Plaintiff then alleges that once the judgment and sentence were corrected, he received a copy of the documents on or about March 17, 2016. *Id*. at 10. On March 28, Plaintiff was awarded credits for time served and immediately discharged. *Id*.

Accepting these allegations as true and viewing them in the light most favorable to Plaintiff, the Court cannot say that Defendants violated a clearly established constitutional right. The Court can locate no binding precedent that would have put Defendants on notice that their conduct was unconstitutional, and Plaintiff points to none. *See Hainey v. Sirmons*, No. CIV-07-205-C, 2007 WL 2703166, at *7 (W.D. Okla. Sept. 14, 2007) (citing *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006) (Plaintiff has the burden of demonstrating the constitutional right is clearly established and may rely on cases from the Supreme Court, Tenth Circuit, or the weight of authority from other circuits)).[3]

---

[3] Plaintiff is correct that he need not proffer a case directly on point. Plaintiff must, however, at minimum point to a case that illustrates by analogy that Defendants had

It would not have been reasonable for Defendants to believe that by following a facially valid judgment and sentence they were violating Plaintiff's constitutional rights. *See Alston v. Read*, 663 F.3d 1094 (9th Cir. 2011) ("State corrections officials did not have clearly established duty to seek out original court records in response to state prisoner's unsupported assertion that he was being overdetained, and thus, state officials were entitled to qualified immunity from liability for their failure to do so, in prisoner's § 1983 claim alleging overdetention in violation of due process and the Eighth Amendment.").

To the contrary, at all times relevant to Plaintiff's claim, the Oklahoma Court of Criminal Appeals interpreted Oklahoma law as placing the decision whether to award presentence jail credits within the discretion of the sentencing court. *See Holloway v. State*, 182 P.3d 845, 847 (Okla. Crim. App. 2008). Plaintiff's Amended Complaint alleges only that Defendants complied with the documentation they originally received from the court: a judgment and sentence that were silent as to the amount of credit for time served.[4] Contrary to Plaintiff's assertions in his Reply, Defendants did act once they were properly notified of the mistake [Doc. No. 60 at 10].[5] Once Defendants received an amended

---

sufficient notice that by failing to investigate the information they had available, they violated the Constitution.

[4] The judgment available to Defendants at the time said only that Plaintiff "is sentenced to four (4) years all under the custody and control of the department of corrections with credit for time served." Judgment [Doc. No. 37], Ex.5 at 2.

[5] Plaintiff asserts that all Defendants had to do was call the District Attorney. Even if Defendants had called, however, Plaintiff would have had to undergo the exact process that resulted in the amended judgment and sentence. Defendants would have had no authority to alter the original judgment based on any information they might have obtained from the District Attorney [Doc. No. 60 at 9]. *See* Okla. Stat. Ann. tit. 22, § 978–79 (West) (The Oklahoma Department of Corrections is required to administer sentences in accordance

7

judgment and sentence, serving as documentation supporting Plaintiff's allegations, Plaintiff was discharged. Complaint at 10.

Therefore, Defendants' objection as to their claim of qualified immunity is sustained.

**CONCLUSION**

The Court, having conducted a *de novo* review, finds that Defendants' objection on administrative exhaustion is overruled. Nevertheless, the Court sustains Defendants' objection as to their claim of qualified immunity. The Court finds that because Plaintiff failed to effectively allege that Defendants violated a clearly established constitutional right, Plaintiff has failed to state a § 1983 claim against Defendants in their individual capacity.

The Court hererby adopts the Report and Recommendation [Doc. No. 58], in part, consistent with the Court's findings more fully set forth in this Order. Accepting Magistrate Judge Mitchell's recommendation, and fully adopting the reasoning in the R&R, Plaintiff's § 1983 claims against Defendants in their official capacity are dismissed. As detailed herein, Plaintiff's § 1983 claims against Defendants in their individual capacity are dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion [Doc. No. 55] to dismiss Plaintiff's Amended Complaint in its entirety is **GRANTED**. All claims against

---

with the Judgment and Sentence issued by the District Courts). This bolsters Defendants' argument that they lacked credible evidence, and hence, no constitutional violation ensued.

Defendants are **DIMISSED WITH PREJUDICE** to refiling.[6] A separate judgment will be entered accordingly.

      **IT IS SO ORDERED** this 19th day of November, 2019.

                                    TIMOTHY D. DeGIUSTI
                                    Chief United States District Judge

---

[6] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (leave to amend should be freely granted, but amendment may be denied when it would be futile). Since it appears Plaintiff is unable to assert a constitutional claim against Defendants, the Court finds that further amendment would be futile.